UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD HAYWOOD R47947 | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22 CV 5651 |
| | ) | |
| vs. | ) | Hon. Elaine E. Bucklo |
| | ) | |
| D. ALVAREZ, R. KORKES, | ) | |
| A. BALOGH, D. TAYLOR, | ) | |
| A. LOPEZ, N. POWELL, | ) | |
| M. REJNIAK, V. HOLEVAS, | ) | |
| E. RODRIGUEZ, E. ZELENKIC #18155, | ) | |
| G. NEWSOME, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

NOW COME Defendants KORKES, REJNIAK, ALVAREZ, BALOGH, TAYLOR, LOPEZ, POWELL, RODRIGUEZ, ZELENKIC, NEWSOME, and HOLEBAS, by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Alexander B. Numbers, and answer to Plaintiff's Amended Complaint as follows:

**Statement of Claim:**

**Excessive use of Force under 8th Amendment Violation**

1.  On 11-11-2021 at or around 5:00 or 6:00 pm that I had a attorney visit.

**Answer: Defendants lack sufficient knowledge to admit or deny allegations in this paragraph.**

2.  Upon coming back on the deck a unnamed officer told me that the Sergeant's R. Korkes and M. Rejniak had deployed a group of Sheriff to shake down the deck because they had found inmates smoking drugs while I was on my attorney visit.

**Answer: Defendants admit an incident occurred on November 11, 2021, and lack sufficient knowledge to admit or deny the remaining allegations in this paragraph.**

3. Sheriff G. Newsome was sitting on my visit with me. So he walked me back to the deck after I got my tray.

**Answer: Defendants lack sufficient knowledge to admit or deny allegations in this paragraph.**

4. I had no handcuffs due to my medical moBole Braces. They didn't fit over them.

**Answer: Defendants lack sufficient knowledge to admit or deny allegations in this paragraph.**

5. As I walked to the table I gave my dinner up to someone and went to my bunk to put my papers down. As I went to use the phone they told everyone to go to the yard for shakedown. Per Lieutenant D. Nad #748 and the sergeants who ran the unit's.

**Answer: To the extent the allegations in this paragraph are directed toward Lieutenant Nad, Defendants contend no answer is required because Lieutenant Nad was dismissed in the December 7, 2022 28 U.S.C. § 1915A Order [Dkt. 10], subject to amendment. Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph.**

6. After the shakedown I went straight to the phone. I then heard a lot of people yelling and Sergeant (R. Korkes) jumped on the table him along with Sergeant (M. Rejniak) started yelling yall bitches send this bitch up I came from Div 9 where they don't do no talking.

**Answer: Defendants lack sufficient knowledge to admit or deny allegations in this paragraph.**

7. At which point the phones went dead and I walked to my bunk by taking the back part away from what was going on.

**Answer: Defendants lack sufficient knowledge to admit or deny allegations in this paragraph.**

8. Then over 40 sheriff ran on the deck and at that time I was sitting on my table that is at the foot of my bed then (Rejniak) sprayed mace and at that that (Korkes) was in the second row and I yelled to him yall can't spray that around me.

**Answer: Defendants admit that correctional officers responded to an incident on the tier and that OC spray was deployed, and lack sufficient knowledge to admit or deny the remaining allegations in this paragraph.**

9. I have real medical issues and the told (D. Alvarez) to cuff me up then I said I have brace on so

**Answer: Defendants lack sufficient knowledge to admit or deny allegations in this paragraph.**

10. I allowed him to grab my hand

**Answer: Defendants deny the allegations in this paragraph.**

11. then (Korkes) told him beat that bitch up and before I knew it the following defendants was jumping D. Alvarez, A. Balogh, D. Taylor, A. Lopez, N. Powell, E. Rodriguez, E. Zelenkic #18155, G. Newsome.

**Answer: Defendants deny the allegations in this paragraph.**

12. At which point (V. Holevas) was standing over me with her feet on my head yelling aint shit wrong with this bitch.

**Answer: Defendants deny the allegations in this paragraph.**

13. They began to rip off my braces and tried to break my hands.

**Answer: Defendants deny the allegations in this paragraph.**

14. Case worker Swanigan was responsible for answering my grievance but refused and I gave them to her in her hands.

**Answer: To the extent the allegations in this paragraph are directed toward Swanigan, Defendants contend no answer is required because Swanigan was dismissed in the**

**December 7, 2022 28 U.S.C. § 1915A Order [Dkt. 10], subject to amendment. Defendants deny the allegations in this paragraph.**

15. I was sent to John Stroger Hospital right then an they saw my arm, hand and everything that was wrong with me.

**Answer: Defendants lack sufficient knowledge to admit or deny allegations in this paragraph.**

16. I had been writing the super intendent Cintron for months asking to move me to a older deck due to the police kept running on the deck jumping on inmates.

**Answer: the extent the allegations in this paragraph are directed toward Superintendent Cintron, Defendants contend no answer is required because Superintendent Cintron was dismissed in the December 7, 2022 28 U.S.C. § 1915A Order [Dkt. 10], subject to amendment. Defendants lack sufficient knowledge to admit or deny allegations in this paragraph.**

17. All of this was caught on video because it's on 15 videos in the whole dorm that will show I did nothing wrong and the they had it out for me see medical records.

**Answer: Defendants admit the existence of video footage documenting the tier from the time of the alleged incident and deny the remaining allegations in this paragraph.**

18. Relief: I want to press charges on the named defendants and be given a attorney to investigate all my claims and for all video to be given as well as money and anything that the court finds will help this case. I hope and pray th [sic].

**Answer: Defendants deny Plaintiff is entitled to any relief, including but not limited to compensatory damages, punitive damages, or costs.**

## JURY DEMAND

Defendants herby demand a trial by jury.

**AFFIRMATIVE DEFENSES**

I. **Qualified Immunity**

  1. Defendants' conduct was, at all times, objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights.

  2. Accordingly, the Defendants are entitled to the defense of Qualified Immunity.

II. **42 U.S.C. §1997e(a)**

  3. Under Section 1997e(a) of the Prisoner Litigation Reform Act (the "PLRA"), Plaintiff must exhaust his administrative remedies before filing a Section 1983 lawsuit for damages.

  4. According to the Rules and Regulations of the Cook County Jail, inmates must follow the grievance procedure to exhaust administrative remedies.

  5. Plaintiff failed to file a grievance relating to this matter.

  6. Plaintiff has not exhausted his administrative remedies as the PLRA requires. *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

III. **De Minimis Doctrine/No Justiciable Injury**

  7. Claims brought under Section 1983 require an injury. *Cannon v. Burkybile*, 2002 U.S. Dist. LEXIS 4808, *19, 2002 WL 448988 (N.D. Ill. March 22, 2002) ("Section 1983 is a tort statute. A tort to be actionable requires injury.") (*citing Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)).

  8. Plaintiff's damages do not rise to compensable.

IV. **42 U.S.C. §1997e(e)**

  9. The PLRA requires that no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional

injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e).

10. Plaintiff cannot show physical injury as a result of the actions of Defendants and is therefore barred from claims alleging emotional injury or trauma.

## V. Failure to Mitigate

11. Without waiving its denials to Plaintiff's allegations and to the extent Plaintiff claims any damages against Defendant, Plaintiff had a duty to mitigate those damages. *Wells v. City of Chicago*, 2009 U.S. Dist. LEXIS 15792, *23–24, 2009 WL 528307 (N.D. Ill. Feb. 25, 2009).

12. To the extent Plaintiff has failed to mitigate his damages, any award of damages may be reduced for his failure to mitigate.

## VI. Contributory Negligence

13. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton, and/or other wrongful conduct on the part of Plaintiff.

14. Insofar as Plaintiff may allege a state court claim for negligence, any verdict or judgment obtained by Plaintiff must be reduced or barred by application of the principles of Contributory Negligence.

Defendants reserve the right to assert additional affirmative defenses as they become known through the course of discovery.

        Respectfully submitted,

        KIMBERLY M. FOXX
        State's Attorney of Cook County

By:   */s/ Alexander B. Numbers*
        Alexander B. Numbers
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-7780
        Alexander.numbers@cookcountyil.gov

## CERTIFICATE OF SERVICE

I, Alexander Numbers, Assistant State's Attorney, hereby certify that I caused the attached *Answer to Plaintiff's First Amended Complaint* to be served via first class mail to those persons listed below, by depositing the same in the U.S. mail at 500 Richard J. Daley Center, Chicago, Illinois 60602, on or before April 18, 2023, before 5:00 p.m. properly stamped with postage prepaid.

        */s/ Alexander Numbers*
        Alexander Numbers

Donald Haywood
Menard - MND
R-47947
P.O. Box 1000
Menard, IL 62259
PRO SE

Hill Correctional Center
R-47947
P.O. Box 1700
Galesburg, IL 61402
PRO SE